**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES SPIDLE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 2891 |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF COOK, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT**

**NOW COME**, Defendants, COUNTY OF COOK, d/b/a JOHN H. STROGER JR. HOSPITAL POLICE, OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, LT. DERRICK WILLIAMS, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through MICHAEL J. SORICH, Assistant State's Attorney, and submit this Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint as follows:

1.     At all times, relevant, Plaintiff was a resident of the City of Chicago, County of Cook, Illinois.

**ANSWER:**    Defendants are without sufficient information with which to either admit or deny the above allegation.

2.     At all times relevant, Defendant COUNTY OF COOK was a municipality organized under the laws of the State of Illinois.

**ANSWER:**    Admitted.

3.     At all times relevant, COUNTY OF COOK operated a hospital, located in Cook County, Illinois, doing business as John H. Stroger, Jr., Hospital of Cook County ("Stroger Hospital").

**ANSWER:**     Admitted.


4.     At all times relevant, COUNTY OF COOK employed and engaged on its staff, as agents, servants and/or employees various security personnel and/or police officers, including OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, and LT. DERRICK WILLIAMS, stationed at Stroger Hospital.

**ANSWER:**     Admitted.


5.     At all times relevant, COUNTY OF COOK employed and engaged on its staff, as agent, servants and/or employees various security personnel and/or police officers and/or correctional officers, including C.O. SHERWOOD WRIGHT, star no. 3558.

**ANSWER:**     Denied.


6.     At all times relevant, OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, C.O. SHERWOOD WRIGHT, OFC. RODNEY HUNTER, and LT. DERRICK WILLIAMS were acting within the scope of their agency and/or employment with COUNTY OF COOK.

**ANSWER:**     Denied.

7.     At all times material to this Complaint, OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, C.O. SHERWOOD WRIGHT, OFC.

RODNEY HUNTER, and LT. DERRICK WILLIAMS were acting under color of state law, ordinance or regulation, statutes, custom and usages of the COUNTY OF COOK.

**ANSWER:** Denied.

8. The federal claims in this Complaint are brought against OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, C.O. SHERWOOD WRIGHT, OFC. RODNEY HUNTER, and LT. DERRICK WILLIAMS in their individual capacities.

**ANSWER:** Defendants are without sufficient information with which to either admit or deny the above allegations.

9. On or about August 9, 2010 at approximately 9:20 a.m. JAMES SPIDLE attempted to enter Stroger Hospital for an appointment with his cardiologist Dr. Khadra.

**ANSWER:** Defendants are without sufficient information with which to either admit or deny the above allegation.

10. As Mr. Spidle was passing through the revolving door at Stroger Hospital, an individual who was arguing with a woman stopped the door trapping Mr. Spidle and other individuals inside.

**ANSWER:** Admitted that an individual stopped the revolving door at that time. Defendants are without sufficient information with which to either admit or deny why that individual stopped the revolving door.

11.     One of the other trapped individuals asked the man who stopped the door to let it go and he complied.

**ANSWER:**   Defendants are without sufficient information with which to either admit or deny the above allegation.

12.     Mr. Spidle then proceeded through the lobby on his way to see his cardiologist when OFC. JOANN BROTHERS yelled at Mr. Spidle. Surprised by the officer's actions, Mr. Spidle stated he had not done anything wrong.

**ANSWER:**   Denied.

13.     Mr. Spidle continued to proceed to his cardiologist appointment.

**ANSWER:**   Denied.

14.     OFC. JOANN BROTHERS then stated, "We got one going to the station," and, "You're going to show me your I.D. if I have to lock your a** up.'[1]

**ANSWER:**   Denied.

13.     As Mr. Spidle was on his way to his cardiologist appointment, OFC. STUART CROSE approached and gestured in a manner indicating a readiness to draw his gun on Mr. Spidle.

**ANSWER:**   Denied.

---

[1] Out of courtesy to the Court, all expletives have been censored by use of asterisks.

14.     As Mr. Spidle attempted to walk away, OFC. JOANN BROTHERS and OFC. STUART CROSE grabbed and jumped on Mr. Spidle-a 55 year-old cardiac patient forcing him to the floor.

**ANSWER:**     Denied.

15.     While on the floor, both OFC. JOANN BROTHERS and OFC. STUART CROSE positioned themselves on Mr. Spidle's back and one of them choked him with an object.

**ANSWER:**     Denied.

16.     As Mr. Spidle attempted to pick himself off the floor, he was again attacked by OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, and C.O. SHERWOOD WRIGHT.

**ANSWER:**     Denied.

17.     As Mr. Spidle was on the ground, C.O. SHERWOOD WRIGHT stomped on Mr. Spidle's chest.

**ANSWER:**     Denied.

18.     OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL then dragged Mr. Spidle to the security office where OFC. RODNEY HUNTER reached out of the door, grabbed Mr. Spidle by the neck, forced him inside the office and slammed him face first onto the floor.

**ANSWER:**     Denied.

19.     While in the security office, LT. DERRICK WILLIAMS forced his baton under Mr. Spidle's neck and stated," move again m*****f'****, I'll choke you to death."

**ANSWER:**     Denied.


20.     At this time, one of the officers pushed his knee in Mr. Spidle's back while LT. DERRICK WILLIAMS choked Mr. Spidle with the baton and another officer handcuffed Mr. Spidle's wrists.

**ANSWER:**     Denied.

21.     The officers then dragged Mr. Spidle into a cell, threw him onto a bench, and handcuffed him to the bench.

**ANSWER:**     Denied.


22.     The officers began searching Mr. Spidle's belongings.

**ANSWER:**     Denied.


23.     Mr. Spidle informed LT. DERRICK WILLIAMS that he should look at the surveillance video because it would show that Mr. Spidle did nothing wrong.

**ANSWER:**     Denied.


24.     After viewing the video, LT. DERRICK WILLIAMS entered the cell and told Mr. Spidle "my officers had no reason to put their hands on you, you didn't do anything." "They wasn't supposed to touch you, you're not going to jail today."

**ANSWER:**    Denied.


25.    LT. DERRICK WILLIAMS then exited the cell and started cursing at his officers. LT DERRICK WILLIAMS stated, "What the f*** happened to that m*****f****  who started this s***?! Find that m*****f*****,  y'all got the wrong man."

**ANSWER:**    Denied.


26.    LT. DERRICK WILLIAMS then stated, "Get the f*** in there and get those f****** cuffs off him:" "All y'all reports better be the same g**d***it. Y'all let this m ****f**** walk away, have all that s*** right cause this is going to be investigated.

**ANSWER:**    Denied.


27.    LT. DERRICK WILLIAMS then returned to the cell and told Mr. Spidle he could leave because there was nothing to charge him with.

**ANSWER:**    Denied.


28.    As a result of the actions of the Defendants, Mr. Spidle suffered serious personal injuries including rib contusions, bruising, wrist pain, ankle pain, a possible cardiac contusion, nightmares and extreme and prolonged emotional distress and mental anguish.

**ANSWER:**    Denied.


<u>**COUNT I – WILLFUL AND WANTON NEGLIGENCE**</u>
(v. OFC. JOANN BROTHERS)

7

29.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference her responses to Paragraphs 1 through 28 of this Second Amended Complaint.


30.     At all times relevant, including on and before August 9, 2010, Defendant OFC. JOANN BROTHERS owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

**ANSWER:**     Denied.


31.     Notwithstanding this duty, Defendant OFC. JO ANN BROTHERS committed of one or more of the following willful and wanton acts and/or omissions:

        a.     Knocked Mr. Spidle to the ground;

        b.     Choked Mr. Spidle;

        c.     Piled on top of Mr. Spidle while he was on the floor;

        d.     Stomped on M r. Spidle's ribs;

        e.     Dragged Mr. Spidle;

        f.     Slammed Mr. Spidle to the floor;

        g.     Handcuffed Mr. Spidle; and/or

        h.     Was otherwise willful and wanton.

**ANSWER:**     Denied.

32.     As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:**     Denied.


## COUNT II – WILLFUL AND WANTON NEGLIGENCE
### (v. OFC. STUART CROSE)

33.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


34.     At all times relevant, including on and before August 9, 2010, Defendant OFC. STUART CROSE owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

**ANSWER:**     Denied.


35.     Notwithstanding this duty, Defendant OFC. STUART CROSE committed of one or more of the following willful and wanton acts and/or omissions:

        a.     Knocked Mr. Spidle to the ground;

        b.     Choked Mr. Spidle;

        c.     Piled on top of Mr. Spidle while he was on the floor;

        d.     Stomped on Mr. Spidle's ribs;

        e.     Dragged Mr. Spidle;

9

    f.      Slammed Mr. Spidle to the floor;

    g.      Handcuffed Mr. Spidle; and/or

    h.      Was otherwise willful and wanton.

**ANSWER:**   Denied.

36.    As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:**   Denied.

## COUNT III – WILLFUL AND WANTON NEGLIGENCE
### (v. OFC. RONALD CALDWELL)

37.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**   Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

38.    At all times relevant, including on and before August 9, 2010, Defendant OFC. RONALD CALDWELL owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

**ANSWER:**   Denied.

39.    Notwithstanding this duty, Defendant OFC. RONALD CALDWELL committed of one or more of the following willful and wanton acts and/or omissions:

10

      a.      Choked Mr. Spidle;

      b.      Piled on top of Mr. Spidle while he was on the floor;

      c.      Stomped on M r. Spidle's ribs;

      d.      Dragged Mr. Spidle;

      e.      Slammed Mr. Spidle to the floor;

      f.      Handcuffed Mr. Spidle; and/or

      g.      Was otherwise willful and wanton.

**ANSWER:**   Denied.


40.    As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:**   Denied.


## COUNT IV – WILLFUL AND WANTON NEGLIGENCE
### (v. C.O. SHERWOOD WRIGHT)

41.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**   Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


42.    At all times relevant, including on and before August 9, 2010, Defendant C.O. SHERWOOD WRIGHT owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

11

**ANSWER:**    Denied.

43.    Notwithstanding this duty, Defendant C.O. SHERWOOD WRIGHT committed of one or more of the following willful and wanton acts and/or omissions:

      a.    Choked Mr. Spidle;

      b.    Piled on top of Mr. Spidle while he was on the floor;

      c.    Stomped on Mr. Spidle's ribs:

      d.    Dragged Mr. Spidle;

      e.    Slammed Mr. Spidle to the floor;

      f.    Handcuffed Mr. Spidle; and/or

      g.    Was otherwise willful and wanton.

**ANSWER:**    Denied.

44.    As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:**    Denied.

## COUNT V – WILLFUL AND WANTON NEGLIGENCE
### (v. OFC. RODNEY HUNTER)

45.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

46.     At all times relevant, including on and before August 9, 2010, Defendant OFC. RODNEY HUNTER owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

**ANSWER:**     Denied.

47.     Notwithstanding this duty, Defendant OFC. RODNEY HUNTER committed of one or more of the following willful and wanton acts and/or omissions:

a.     Grabbed Mr. Spidle by the neck;

b.     Choked Mr. Spidle;

c.     Slammed Mr. Spidle to the floor; and/or

d.     Was otherwise willful and wanton.

**ANSWER:**     Denied.

48.     As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:**     Denied.

## COUNT VI – WILLFUL AND WANTON NEGLIGENCE
### (v. LT. DERRICK WILLIAMS)

49.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

50.    At all times relevant, relevant, including on and before August 9, 2010, Defendant LT. DERRICK WILLIAMS owed a duty to refrain from affirmative conduct exhibiting a reckless or conscious disregard for the safety of others.

**ANSWER:** Denied.

51.    Notwithstanding this duty, Defendant LT. DERRICK WILLIAMS committed of one or more of the following willful and wanton acts and/or omissions:

    a.    Forced his baton under Mr. Spidle's neck;

    b.    Dragged Mr. Spidle into a cell; and/or

    c.    Was otherwise willful and wanton.

**ANSWER:** Denied.

52.    As a direct and proximate result of these willful and wanton acts and/or omissions, the Plaintiff suffered substantial injuries, suffered extreme pain and continues to suffer extreme mental anguish.

**ANSWER:** Denied.

## COUNT VII – BATTERY
### (v. OFC. JOANN BROTHERS)

56.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

14

**ANSWER:**    Defendant herein incorporates by reference her responses to Paragraphs 1 through 28 of this Second Amended Complaint.


57.    Through his intentional conduct, OFC. JOANN BROTHERS did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**    Denied.


58.    As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**    Denied.


## COUNT VIII – BATTERY
### (v. OFC. STUART CROSE)

60.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


61.    Through his intentional conduct, OFC. STUART CROSE did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**    Denied.

62.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**     Denied.


## COUNT IX – BATTERY
### (v. OFC. RONALD CALDWELL)

63.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


64.     Through his intentional conduct, OFC. RONALD CALDWELL did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**     Denied.


65.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**     Denied.


## COUNT X – BATTERY
### (v. C.O. SHERWOOD WRIGHT)

66.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

67.     Through his intentional conduct, C.O. SHERWOOD WRIGHT did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**     Denied.

68.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**     Denied.

### COUNT XI – BATTERY
(v. OFC. RODNEY HUNTER)

69.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

70.     Through his intentional conduct, OFC. RODNEY HUNTER did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**     Denied.

17

71.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**     Denied.


## COUNT XII – BATTERY
### (v. LT. DERRICK WILLIAMS)

72.     Plaintiff  re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


73.     Through his intentional conduct, LT. DERRICK WILLIAMS did forcibly cause unwanted and unconsented harmful and/or offensive contacts with Plaintiff's person.

**ANSWER:**     Denied.


74.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered damages of a personal and pecuniary nature including past and future pain, suffering and mental anguish, emotional, and mental distress.

**ANSWER:**     Denied.


## COUNT XIII – FALSE ARREST

18

(OFC. JOANN BROTHERS)

75.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference her responses to Paragraphs 1 through 28 of this Second Amended Complaint.


76.     There was no probable cause to support JAMES SPIDLE's arrest by OFC. JOANN BROTHERS.

**ANSWER:**     Denied.


77.     Despite the lack of probable cause, OFC. JOANN BROTHERS arrested JAMES SPIDLE.

**ANSWER:**     Denied.


78.     OFC. JOANN BROTHERS engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**     Denied.


79.      As a direct and proximate cause of the Defendant's conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**     Denied.


19

## COUNT XIV – FALSE ARREST
### (OFC. STUART CROSE)

83.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

84.     There was no probable cause to support JAMES SPIDLE's arrest by OFC. STUART CROSE.

**ANSWER:**     Denied.

85.     Despite the lack of probable cause, OFC. STUART CROSE arrested JAMES SPIDLE.

**ANSWER:**     Denied.

86.     OFC. STUART CROSE engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**     Denied.

87.     As a direct and proximate cause of the Defendant's conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**     Denied.

## COUNT XV – FALSE ARREST
### (OFC. RONALD CALDWELL)

88.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein. .

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

89.    There was no probable cause to support JAMES SPIDLE's arrest by OFC. RONALD CALDWELL.

**ANSWER:**    Denied.

90.    Despite the lack of probable cause, OFC. RONALD CALDWELL arrested JAMES SPIDLE.

**ANSWER:**    Denied.

91.    OFC. RONALD CALDWELL engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**    Denied.

92.    As a direct and proximate cause of the Defendant's conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**    Denied.

## COUNT XVI – FALSE ARREST
(C.O. SHERWOOD WRIGHT)

93.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


94.     There was no probable cause to support JAMES SPIDLE's arrest by C.O. SHERWOOD WRIGHT.

**ANSWER:**    Denied.


95.     Despite the lack of probable cause, C.O. SHERWOOD WRIGHT arrested JAMES SPIDLE.

**ANSWER:**    Denied.


96.     C.O. SHERWOOD WRIGHT engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**    Denied.


97.     As a direct and proximate cause of the Defendant's conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**    Denied.

## COUNT XVII – FALSE ARREST
### (OFC. RODNEY HUNTER)

98.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

99.     There was no probable cause to support JAMES SPIDLE's arrest by OFC. RODNEY HUNTER.

**ANSWER:**     Denied.

100.     Despite the lack of probable cause, OFC. RODNEY HUNTER arrested JAMES SPIDLE.

**ANSWER:**     Denied.

101.     OFC. RODNEY HUNTER engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**     Denied.

102.     As a direct and proximate cause of the Defendant's conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**     Denied.

## COUNT XVIII – FALSE ARREST
### (LT. DERRICK WILLIAMS)

103.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

104.    There was no probable cause to support JAMES SPIDLE's arrest by LT. DERRICK WILLIAMS.

**ANSWER:**    Denied.

105.    Despite the lack of probable cause, LT. DERRICK WILLIAMS arrested JAMES SPIDLE.

**ANSWER:**    Denied.

106.    LT. DERRICK WILLIAMS engaged in willful and wanton conduct by arresting JAMES SPIDLE without probable cause.

**ANSWER:**    Denied.

107.    As a direct and proximate cause of the Defendants conduct, JAMES SPIDLE suffered severe pecuniary damages, including loss of liberty, the stigma associated with being known as an arrestee, mental anguish and emotional distress and damage.

**ANSWER:**    Denied.

## COUNT XIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (OFC. JOANN BROTHERS)

112.     Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**     Defendant herein incorporates by reference her responses to Paragraphs 1 through 28 of this Second Amended Complaint.


113.     The misconduct described herein this Complaint of Defendant OFC. JOANN BROTHERS—jumping on Mr. Spidle, choking Mr. Spidle multiple times, handcuffing Mr. Spidle, dragging Mr. Spidle and arresting Mr. Spidle without justification—was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's rights.

**ANSWER:**     Denied.


115.     Defendant OFC. JOANN BROTHERS intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:**     Denied.


116.     The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:**     Denied.


## COUNT XX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(OFC. STUART CROSE)

117.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

118.    The misconduct described herein this Complaint of Defendant OFC. STUART CROSE— jumping on Mr. Spidle, choking Mr. Spidle multiple times, handcuffing Mr. Spidle, dragging Mr. Spidle and arresting Mr. Spidle without justification—was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's rights.

**ANSWER:**    Denied.

119.    Defendant OFC. STUART CROSE intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:**    Denied.

120.    The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:**    Denied.

**COUNT XXI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(OFC. RONALD CALDWELL)

26

121.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.


122.    The misconduct described herein this Complaint of Defendant OFC. RONALD CALDWELL—jumping on Mr. Spidle, choking Mr. Spidle multiple times, handcuffing Mr. Spidle, dragging Mr. Spidle and arresting Mr. Spidle without justification—was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's rights.

**ANSWER:**    Denied.


123.    Defendant OFC. RONALD CALDWELL intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:**    Denied.


124.    The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:**    Denied.


## COUNT XXII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (C.O. SHERWOOD WRIGHT)

125. Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

126. The misconduct described herein this Complaint of Defendant C.O. SHERWOOD WRIGHT— jumping on Mr. Spidle, choking Mr. Spidle multiple times, stomping on Mr. Spidle, handcuffing Mr. Spidle, dragging Mr. Spidle and arresting Mr. Spidle without justification — was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's rights.

**ANSWER:** Denied.

127. Defendant C.O. SHERWOOD WRIGHT intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:** Denied.

128. The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:** Denied.

## COUNT XXIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(OFC. RODNEY HUNTER)

28

129.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

130.    The misconduct described herein this Complaint of Defendant OFC. RODNEY HUNTER — choking Mr. Spidle multiple times, handcuffing Mr. Spidle, dragging Mr. Spidle and arresting Mr. Spidle without justification — was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's rights.

**ANSWER:**    Denied.

131.    Defendant OFC. RODNEY HUNTER intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:**    Denied.

132.    The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:**    Denied.

## COUNT XXIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (LT. DERRICK WILLIAMS)

133.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant herein incorporates by reference his responses to Paragraphs 1 through 28 of this Second Amended Complaint.

134. The misconduct described herein this Complaint of Defendant LT. DERRICK WILLIAMS — choking Mr. Spidle multiple times, dragging Mr. Spidle and arresting Mr. Spidle without justification —was extreme, outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's.

**ANSWER:** Denied.

135. Defendant LT. DERRICK WILLIAMS intended the aforementioned misconduct to cause severe emotional distress or knew that there was a high probability that such conduct would cause Plaintiff severe emotional distress.

**ANSWER:** Denied.

136. The aforementioned misconduct did proximately cause Mr. Spidle severe emotional distress.

**ANSWER:** Denied.

**COUNT XXV – EXCESSIVE FORCE AND FAILURE TO INTERVENE
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
AGAINST DEFENDANTS BROTHERS, CROCE, CALDWELL, WILLIAMS AND
WRIGHT**

137. Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant herein incorporates by reference its responses to Paragraphs 1 through 28 of this Second Amended Complaint.

138. On or about August 9, 2010, Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS came into physical contact with the Plaintiff, used unreasonable force, and failed to intervene in the use of unreasonable force upon Plaintiff.

**ANSWER:** Denied.

139. On or about August 9, 2010, DEFENDANT OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS physically abused, struck, kicked or choked MR. SPIDLE, even though PLAINTIFF was offering no resistance and posed no threat to himself, police officers, or anyone else.

**ANSWER:** Denied.

140. On or about August 9, 2010, DEFENDANT OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS knew that the DEFENDANT OFFICER or OFFICERS who used excessive force were about to use excessive force against the PLAINTIFF, had an opportunity to prevent the harm to PLAINTIFF from occurring but failed to take steps to prevent the harm from occurring. Moreover, the failure of the DEFENDANT

OFFICERS to intervene to prevent the use of excessive force caused the PLAINTIFF to suffer harm.

**ANSWER:**    Denied.

141.    The actions by or the failure to intervene in the actions DEFENDANT OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS alleged above amounted to the excessive use of force upon the PLAINTIFF and the failure to intervene in the use of excessive force upon the PLAINTIFF.

**ANSWER:**    Denied.

142.    The use of force initiated by and the failure to intervene in the use of force by the DEFENDANT OFFICERS caused an unreasonable seizure of the PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**    Denied.

143.    The actions of DEFENDANT OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS alleged above were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF.

**ANSWER:**    Denied.

<u>**COUNT XXVI – FALSE ARREST**</u>
<u>**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**</u>
<u>**AGAINST DEFENDANTS BROTHERS, CROCE, CALDWELL, WILLIAMS AND**</u>
<u>**WRIGHT**</u>

144.    Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendants herein incorporate by reference its responses to Paragraphs 1 through 28 of this Second Amended Complaint.


145. On or about June 14, 2010, Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS arrested or caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed, was committing or was going to commit criminal activity.

**ANSWER:** Denied.

146. The conduct of Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS alleged above violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Denied.

147. The actions of Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS alleged above were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Denied.

## COUNT XXVII
### (745 ILCS 10/9-102)

148. Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

33

**ANSWER:** Defendants herein incorporate by reference its responses to Paragraphs 1 through 28 of this Second Amended Complaint.

149. Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS committed the acts alleged above under color of law and while on duty and in the scope of their employment by the CITY OF CHICAGO.

**ANSWER:** Denied.

## COUNT XXVIII
**State Law Claim for *Respondeat Superior***

150. Plaintiff re-alleges, re-pleads and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

**ANSWER:** Defendants herein incorporate by reference its responses to Paragraphs 1 through 28 of this Second Amended Complaint.

151. The acts of Defendant OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, and LT. DERRICK WILLIAMS alleged above, were committed in the scope of employment and for the benefit of their employer and therefore the DEFENDANT CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** Denied.

**AFFIRMATIVE DEFENSES**

NOW COME Defendants, COUNTY OF COOK, d/b/a JOHN H. STROGER JR. HOSPITAL POLICE, OFC. JOANN BROTHERS, OFC. STUART CROSE, OFC. RONALD CALDWELL, OFC. RODNEY HUNTER, C.O. SHERWOOD WRIGHT, LT. DERRICK WILLIAMS, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through MICHAEL SORICH, and makes the following affirmative defenses, stating as follows:

1.      The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.  Accordingly, the Defendants are entitled to the defense of Qualified Immunity under state law.

2.      The individual Defendants have tort immunity under the Illinois Tort Immunity Act for acts that are not willful and wanton conduct.  *See* 745 ILCS § 10/2-202; *see also* 745 ILCS § 10/1-101 et seq.

3.      COUNTY OF COOK, d/b/a JOHN H. STROGER JR. HOSPITAL POLICE is immune from suit where its agents have immunity.  *See* 745 ILCS § 10/2-109; *see also* 745 ILCS § 10/1-101 et seq.

**JURY DEMAND**

With regard to any issue that may be appropriately heard by a jury in this cause of action, the Defendants hereby demands a jury trial.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:      */s/ Michael J. Sorich*
Michael J. Sorich

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5170